1   STANLEY GOFF (Bar No. 289564)
    LAW OFFICE OF STANLEY GOFF
2   15 Boardman Place Suite 2
    San Francisco, CA 94103
3   Telephone: (415) 571-9570
    Email: scraiggoff@aol.com
4
    MARCIA SILVER (Bar No.133975)
5   15 Boardman Place Suit 2
    San Francisco, CA 94103
6   Telephone: 415-553-8665
    Email: marciasilver1@gmail.com
7
8   Attorneys for Plaintiff Lisa Keller

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| LISA KELLER; | CASE NO.: |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| | 1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*); |
| v. | 2. Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (*Deliberate Indifference*); |
| CITY OF BRENTWOOD, BRIAN LODGE and DOE BRENTWOOD POLICE OFFICERS 1-25; | 3. Negligence; 4. Battery; 5. Bane Act Violation |
| Defendants. | **DEMAND FOR JURY TRIAL** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF BRENTWOOD, BRIAN LODGE, and DOE BRENTWOOD POLICE OFFICERS 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1.  Plaintiff Lisa Keller, was at all times relevant to this complaint, living in the City of Brentwood, which is located within the Northern District of California.

2.  Defendant CITY OF BRENTWOOD  ("BRENTWOOD") is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. BRENTWOOD is a municipality located within the Northern District of California.

3.  Defendant Brian Lodge ("Lodge"), is a police officer, employed by Brentwood Police Department and was employed by the City of Brentwood at the time of the incident in question. This Defendant is being sued in both his individual and official capacities.

4.  Defendant Doe Brentwood Police Officers were employed by the City of Brentwood at the time of the incident, whose identities and capacities are unknown at this time to the Plaintiff. These Doe Officers are being sued in both their individual and official capacities.

5.  All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

6.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of

the same case and controversy under Article III of the United States Constitution.

7.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of Brentwood California, which is located in this district.

**III. STATEMENT OF FACTS**

8. On February 15, 2018, defendant Brian Lodge and defendant officers arrived at the plaintiff's home in Brentwood and knocked on her door.

9. The Plaintiff opened door a crack and talked the defendants from behind the door in a manner that allowed her to speak to the defendant officers and to conceal herself, because she was not fully dressed.

10. The Defendants questioned the Plaintiff about her son and told her that there had been several robberies in the area.

11. The Plaintiff responded that the robberies had nothing to do with her.

12. The Defendants told the Plaintiff that they wanted to come in and look around.

13. The Plaintiff asked the Defendants if they had a warrant. After the Plaintiff asked that question, the Defendants started moving in and the Plaintiff went to close the door.

14. All five Defendant officers began to barge through the Plaintiff's door. As Defendant Lodge pushed his way in, he said, "We don't need a warrant".

15. Once the Defendant officers were inside, the Plaintiff backed up approximately four feet.

16. The Plaintiff kept asking the Defendants what they were doing inside her home and telling them that her son didn't live there.

17. The Plaintiff then grabbed her home phone and told the Defendants that she was calling the police.

18. Defendant Lodge then angrily grabbed the phone out of the Plaintiff's hand and forced her wrist behind her back with so much force that he broke her wrist.

19. Defendant Lodge then handcuffed the Plaintiff.

20. The Plaintiff began crying and telling Defendant Lodge "You're hurting me, you're hurting me" and asking the Defendants to take the cuffs off.

21. Defendant Lodge is approximately 6'2 and weighs 220 pounds. The Plaintiff is 5'4 and weighs 140 pounds.

22. Defendant Lodge ordered the Plaintiff to sit down. Plaintiff was partially dressed her hands were cuffed behind her back and her breasts were partially exposed to the officers. Plaintiff was asking Defendant Lodge to take the cuffs off and protesting that she could not sit down with the cuffs on because it would cause her breasts to be further exposed to the officers.

23. The Plaintiff informed all of the officers who were present (multiple times) that she was in severe pain and that that the handcuffs were too tight. The officers ignored the Plaintiff's pleas for assistance regarding her pain and the handcuffs being too tight.

24. One of the other Defendant officers directed Defendant Lodge to remove the cuffs and the Plaintiff then closed her nightgown and sat down.

25. The Plaintiff remained seated the rest of the time.

26. At no time during this incident, did any of the Defendant officers render or summon any medical aid regarding the Plaintiff's broken wrist.

4

27. On April 5, 2018, Plaintiff filed a timely government claim against defendants pursuant to California Government Code §910, et seq., for negligence, battery, Intentional Infliction of Emotional Distress, Bane Act Violation, False Imprisonment. Plaintiff's claims were subsequently rejected by BRENTWOOD on May 15, 2018.

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*) – As to Defendant Brian Lodge and DOES 1-25)**

28. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

*Broken Wrist*

29. Defendant Brian Lodge, acting under color of law, used unreasonable and excessive force on February 15, 2018, by deliberately and intentionally placing the Plaintiff's wrists behind her back in a wristlock with so much force that her wrist was broken.

*Tight Fitting Handcuffs*

30. All named Defendants, acting under color of law, used unreasonable and excessive force on February 15, 2018, by deliberately and intentionally placing Plaintiff in tight fitting handcuffs behind her back despite the fact that she was suffering from a broken wrist.

31. That the Plaintiff informed all of the officers who were present (multiple times) that she was in severe pain and that the handcuffs were too tight.

32. That the named Defendant officers ignored the Plaintiff's pleas regarding the handcuffs being too tight for a full minute. (i) Plaintiff had not committed any crime; (ii) Plaintiff was

5

unarmed; (iii) Plaintiff did not pose any threat to Defendant officers or bystanders; (iv) Defendant officers knew, or should have known, that the Plaintiff's wrist could be broken if her wrist was placed behind her back with extreme force and (v) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the Defendants' actions.

33. Defendant BRENTWOOD and Does 1-25 deprived plaintiff of her rights, privileges, and immunities secured by the United States Constitution by, among other things, does not train, or inadequately trains its officers regarding the handling of people who are detained, so as not to cause these individuals' to suffer a broken wrist.

34. Furthermore, BRENTWOOD has a widespread or longstanding custom and practice of not carefully handling individuals once they are in police custody, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals.

35. As a direct result of the named DEFENDANT OFFICERS, BRENTWOOD, and Does 1-25's actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

36. The conduct of the named Defendant Officers and Does 1-25, as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by their conduct, the Defendant Officers subjected Plaintiff to cruel and unjust hardship in conscious disregard of her civil rights, thus constituting oppression.

6

37. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from named Defendants Officers in an amount according to proof.

## SECOND CLAIM

**(Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process) – As to all Defendants and Does 1-25)**

38. The Defendants violated the Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

39. That the Plaintiff was placed in "actual, particularized danger" when the Defendants deliberately and intentionally caused the Plaintiff to be placed in tight handcuffs despite having notice that she was suffering from an injury to her wrist.

40. That there was *Deliberate Indifference* on the part of the Defendants because they had notice that the Plaintiff was suffering from an injury to her wrist, (because she informed the defendants that she was in extreme pain), they intentionally left the Plaintiff handcuffed in tight handcuffs, causing her further pain and suffering, while failing to call an ambulance or obtain any other medical treatment for the Plaintiff.

41. That the Plaintiff suffered *harm* stemming from the Defendants' *Deliberate Indifference*, causing her further pain and suffering, and this conduct placed the Plaintiff in a worse position than she was otherwise in.

42. Defendants and Does 1-25's actions violated Plaintiff's constitutional rights and resulted in Plaintiff's suffering, and were a proximate and direct cause of Plaintiff's injuries.

7

43. The conduct of the named Defendants and Does 1-25, as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by this conduct, the Defendants subjected Plaintiff to cruel and unjust hardship in conscious disregard of her civil rights, thus constituting oppression.

44.  Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from named Defendants and Does 1-25 in an amount according to proof.

### THIRD CLAIM

**(Negligence – As to All Defendants, BRENTWOOD and DOES 1-25)**

45. By virtue of the foregoing, Defendants owed Plaintiff a duty of due care not to cause the Plaintiff physical harm, and that this duty was breached by the Defendants' negligence and failure to exercise due care in their handling of the Plaintiff.

46. As a direct and proximate cause of the aforementioned acts of Defendant, Plaintiff was physically injured and suffered emotional distress, as set forth above and is entitled to compensatory damages according to proof at the time of trial.

47. Defendants are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

48. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

49. Because the Defendants were acting as employees of BRENTWOOD at the time of the incident, and because they were acting within the scope and course of their employment and

under the direct control and supervision of BRENTWOOD, BRENTWOOD is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

## FOURTH CLAIM

### (Battery − As to All Defendant Officers, BRENTWOOD and DOES 1-25)

50. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

### *Broken Wrist*

51. Defendant Brian Lodge, used unreasonable and excessive force on February 15, 2018, by deliberately and intentionally placing the Plaintiff's wrist behind her back in a wristlock with so much force that her wrist was broken.

### *Tight Fitting Handcuffs*

52. All named Defendants, used unreasonable and excessive force on February 15, 2018, by deliberately and intentionally placing Plaintiff in tight fitting handcuffs behind her back despite the fact that she was suffering from a broken wrist.

53. That the Plaintiff informed all of the officers who were present (multiple times) that she was in severe pain and that the handcuffs were too tight.

54. That the named Defendant officers ignored the Plaintiff's pleas regarding the handcuffs being too tight for a full minute. (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to Defendant officers or bystanders; (iv) Defendant officers knew, or should have known, that the Plaintiff's wrist could be broken if her wrist was placed behind her back with extreme force and (v) other alternative methods were

9

available to effectuate a search. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the Defendants' actions.

55. Defendants are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

56. Defendants as public employees are not exonerated or immune from liability for battery for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

57. Because the Defendants were acting as employees of BRENTWOOD at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of BRENTWOOD, BRENTWOOD is liable to the Plaintiff for battery pursuant to California Government Code §815.2.

58. Defendants and DOES 1-25's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

### FIFTH CLAIM

**(BANE ACT VIOLATION – As to All Defendants, BRENTWOOD and DOES 1-25)**

59. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

60. Defendants and DOES 1-25 while working as police officers for BRENTWOOD, and acting within the course an scope of their duties, caused the plaintiff to suffer a broken wrist and intentionally left the plaintiff placed in tight fitting handcuffs for a minute, despite her repeated

pleas that she was in pain. (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) plaintiff did not pose any threat to defendant officers or bystanders; and (iv) other alternative methods were available to effectuate a search.

61. Defendants interfered with Plaintiff's Fourth Amendment right to be free from the unlawful seizure of her person through the exercise of excessive force.

62. That upon observing the Defendants exercising excessive force upon her person, the Plaintiff reasonably believed that if she exercised her right to be free from the unlawful use of excessive force upon her person, that the Defendants would commit violence against her.

63. That Defendants injured the Plaintiff to prevent her from exercising these rights.

64. That Plaintiff was harmed because she suffered physical injuries, as well as severe emotional stress as a result of the violent acts imposed on her by the Defendants and;

65. The Defendants' use of excessive force to prevent the Plaintiff from exercising her rights was a substantial factor in causing her harm.

66. Because the defendants were acting as employees of BRENTWOOD at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of BRENTWOOD, BRENTWOOD is liable to the Plaintiff for BANE ACT violation pursuant to California Government Code §815.2.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;

2. For general damages according to proof;

3. For punitive damages against all individual defendants according to proof;

4. The prejudgment interest at the legal rate according to proof;

5. For costs and reasonable attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.


                                                    LAW OFFICE OF STANLEY GOFF

Dated: September 9, 2018                            _____*/s/ STANLEY GOFF*_____
                                                    STANLEY GOFF
                                                    Attorney for Plaintiff


Dated: September 9, 2018                            LAW OFFICE OF MARCIA SILVER


                                                    _____*/S/ MARCIA SILVER*_____
                                                    MARCIA SILVER
                                                    Attorney for Plaintiff